IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTHONY GENO MARTINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-227 |
| | ) | |
| MAJOR ASKEW; CAPTAIN SHERMAN; STAFF SERGEANT RIVERA; STAFF SERGEANT WILLIAMSON; LIEUTENANT WILSON; STAFF SERGEANT GAINS; STAFF SERGEANT DONALDSON; SHERIFF CLAY WHITTLE; SERGEANT CRITE; SERGEANT BOYD; LIEUTENANT COOPER; DEPUTY HOWELL; MS. S. WILLIS, CCDC Classifications; MS. ANDERSON, Sheriff's Secretary/CCDC Admin; LIEUTENANT GREEN; and STAFF SERGEANT FANNING, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants.[1] | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee at the Columbia County Detention Center in Appling, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

---

[1] The Court **DIRECTS** the **CLERK** to update the titles of Defendants Wilson, Willis, and Anderson in accordance with the caption of this Report and Recommendation, which is consistent with Plaintiff's complaint. (See doc. no. 1, pp. 4, 6.)

**I.   BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits.").  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Rivera, 144 F.3d at 721-27.

**II.   DISCUSSION**

    **A.   Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)**

A review of Plaintiff's history of filings reveals he has brought over twenty civil actions across multiple federal districts since January 2022.  Several of Plaintiff's civil lawsuits were dismissed and count as strikes:  (1) Martinson v. Cincinnati Airport Police, Civ. Act. No. 222-

2

022 (E.D. Ky. Feb. 25, 2022) (dismissed as duplicative);[2] (2) Martinson v. Hinesville Pub. Def.'s Off. et al., Civ. Act. No. 422-040 (S.D. Ga. June 7, 2022) (dismissed for failure to state a claim); (3) Martinson v. Neads et al., Civ. Act. No. 223-617 (M.D. Fla. Aug. 18, 2023) (dismissed for failure to state a claim); (4) Martinson v. Pinellas Cnty. Sheriff's Off., Civ. Act. No. 824-515 (M.D. Fla. Mar. 7, 2024) (dismissed for failure to state a claim).  Plaintiff also has had cases dismissed as malicious because he abused the judicial process by providing dishonest information about his prior filing history.[3]  See, e.g., Martinson v. Commonwealth of Kentucky, Civ. Act. No. 222-043 (E.D. Ky. Apr. 15, 2022); see also, e.g., Martinson v. Carter et al., Civ. Act. No. 224-192 (M.D. Fla. Mar. 13, 2024) (dismissing for three strikes under § 1915(g) and detailing Plaintiff's history of strikes under the PLRA).  Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  See Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

**B.     Plaintiff Does Not Qualify for the Imminent Danger Exception**

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). General or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct

---

[2] The Eleventh Circuit recently concluded filing duplicative complaints warrants dismissal as "malicious," and thus constitutes a strike under the PLRA.  Daker v. Ward, 999 F.3d 1300, 1308 (11th Cir. 2021) ("We agree with our sister Circuits that a plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious under the PLRA.").

[3] The Eleventh Circuit has approved imposing a strike under § 1915(g) for a dismissal based on providing dishonest information about prior filing history.  Ingram v. Warden, 735 F. App'x 706, 707 (11th Cir. 2018) (*per curiam*).

evidencing the likelihood of imminent serious physical injury." Sutton v. Dist. Atty's Off., 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (citing Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004)).

In his complaint, Plaintiff alleges "continuous" and "ongoing" constitutional violations based on his purported lack of access to the courts and to legal materials. (Doc. no. 1, pp. 9, 10-14.) He begins by alleging jail officials interfered with his first appearance. (Id. at 10.) He then details numerous occasions on which jail officials denied his inmate request forms for legal materials and copies, as well as the subsequent denials of grievances complaining about the inmate request form denials. (Id. at 10-14.) Based on these events, Plaintiff states his injuries are (1) "prevention from reasonable access to the [c]ourt;" (2) inability to work on his cases; (3) placement in disciplinary segregation for 24 hours; and (4) an unfair disadvantage in his criminal case. (Id. at 15.) Plaintiff attached copies of the relevant inmate request forms and grievances to his complaint. (Id. at 24-55.)

Plaintiff's allegations are insufficient to satisfy the imminent danger exception. Indeed, he alleges no specific facts supporting any threat of ongoing or imminent serious physical injury whatsoever. Rather, his complaint solely alleges claims regarding his inability to get requested legal materials, copies, and access to the courts, none of which has any bearing on Plaintiff's physical safety. (See generally id.) None of these allegations show he is in imminent danger of serious physical injury so as to be exempted from the three strikes rule. See Odum v. Bryan Cnty. Jud. Cir., No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent). Thus, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### C.  The Complaint Should Also Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History

The form on which Plaintiff submitted his claims requires that prisoner plaintiffs disclose whether they have filed other lawsuits in federal court while incarcerated in any institution. (Doc. no. 1, pp. 19-21.) Moreover, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the disposition of the case(s). (Id. at 21.) If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id.) One portion of the form also requires disclosure of any cases that were dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Id. at 19.)

Here, under penalty of perjury, Plaintiff only identified one of his previous lawsuits, a 2023 case filed in the Middle District of Florida, and stated it was dismissed for being frivolous, malicious, or failing to state a claim. (Id. at 19-21.) He further checked the box "no" when asked whether he had filed other lawsuits in state or federal court otherwise relating to the conditions of his imprisonment. (Id. at 20-21.) The Court, however, is aware Plaintiff previously filed numerous other cases in federal court. See, e.g., Martinson v. Carter et al., Civ. Act. No. 224-192 (M.D. Fla. Mar. 11, 2024) (dismissing Plaintiff's complaint because he did not honestly apprise the court of his previous filing history, further noting Plaintiff "has filed at least twenty civil rights cases in [the Middle District of Florida], the Southern District of Georgia, and the Eastern District of Kentucky"). Plaintiff commenced all of the cases identified in the Middle District of Florida case before filing his complaint in the instant case, meaning he had every chance to fully disclose his complete prior filing history along with the one case he listed.

5

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Off., 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012). Moreover, the practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).

Under penalty of perjury, and as described in detail above, Plaintiff failed to truthfully disclose his prior filing history and provided blatantly dishonest answers to the questions on the complaint form. Moreover, Plaintiff states the events alleged in his complaint began in September 2024; thus, he still has the opportunity to timely re-file his claims. (Doc. no. 1, p. 10.) Therefore, even if Plaintiff were permitted to proceed IFP, the case should be dismissed without prejudice as a sanction for failure to fully disclose Plaintiff's filing history.

### III.  CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g). Thus, he fails to demonstrate that he should be excused from paying the full filing fee. Furthermore, even if Plaintiff were allowed to proceed IFP, the case should be dismissed because he has abused the judicial process by providing dishonest information about his filing history.

Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 30th day of December, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA